Filed 11/19/24  McNiven v. City of Berkeley CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CAROLYN McNIVEN, as Trustee, etc.<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF BERKELEY et al.,<br><br>    Defendants and Respondents;<br><br>MICHAEL DREYFUS et al.,<br><br>    Real Parties in Interest and Respondents. | A169867<br><br>(Alameda County<br> Super. Ct. No. RG18921578) |

In 2017, the City of Berkeley and its Department of Planning and Development (collectively, the City) ministerially issued Karen and Michael Dreyfus a building permit to remodel their home.  In 2018, Carolyn McNiven sought a writ of mandate challenging the permit.  (Code Civ. Proc., §§ 1085, 1094.5.)  Five years later, the trial court concluded the petition was moot. We agree and dismiss the matter as moot.

**BACKGROUND**

In 2016, the Dreyfuses purchased a property on Hawthorne Terrace (the home).  The home is on the corner of Hawthorne Terrace and Vine Street and shares a yard and patio with McNiven's home; McNiven and the home's

1

former owner promised to make no material alterations to the shared lawn and patio, a covenant that runs with the land.

The home was in bad shape when the Dreyfuses purchased it, and they planned a remodel. In April 2017, they applied for a building permit to remove the den, expand the kitchen, add a family room, and remodel a second-floor bathroom. The City sought additional documents and revisions before ministerially issuing a permit in September. In November, the Dreyfuses submitted revisions, adding new windows and doors. The City questioned the revised plans because they showed Vine Street as the lot's front. The City stated that a corner lot's front was the narrower of the two intersecting lot lines, so it believed Hawthorne was the lot's front and noted the Berkeley Municipal Code thus required a 20-foot setback. The City asked if the Dreyfuses planned construction in the required setback. If so, the Berkeley Municipal Code mandated window and door replacements to be "like for like." The Dreyfuses responded the Vine Street frontage was narrower, and their plans were correct. After more revisions in 2018, the City ministerially approved a final permit in July 2018, apparently using Hawthorne as the lot's front.

McNiven tried to stop the remodel. In August 2018, she sent the City two approximately 60-page PowerPoints "appealing" the nonappealable permit. She argued the Dreyfuses planned work in the Hawthorne setback and were thus required to apply for an Administrative Use Permit (AUP), which would in turn trigger notice to neighbors and the Landmarks Preservation Commission (LPC). She also applied to have her and the Dreyfuses' homes designated as landmarks.

The City reviewed McNiven's complaints. A city planner and city planning manager investigated but concluded the plans were code compliant.

2

A supervising engineer reviewed and rejected McNiven's claims too, stating "I do not see that you have indicated in what way [the Dreyfuses' remodel plan] is inaccurate or provided any documentation supporting this claim." He went on, the "other concerns you have raised do not affect the code compliance of the proposed design and do not invalidate the issued permit."

Later in August 2018, McNiven sued the Dreyfuses, alleging the remodel violated the covenant.[1] In September 2018, she also petitioned the trial court for a writ of mandate directing the City to rescind the building permit, require an AUP, comply with the California Environmental Quality Act (CEQA), and requested a declaratory judgment that the City violated its municipal code. The City responded that it lawfully issued the permit. In May 2019, McNiven and the Dreyfuses stipulated to a temporary injunction in the covenant action. The injunction prohibited work to the shared lawn and patio, but it specifically allowed work on the Hawthorne façade. In October 2019, the LPC designated certain features of "the property" a landmark. Construction proceeded, and in May 2021, the City conducted its final inspection and concluded the finished project was code compliant. In March 2023, the trial court entered judgment in the covenant action dissolving the injunction and enforcing the covenant.

In August 2023, the trial court heard the writ petition. Before the hearing, the city planning manager submitted a declaration stating work did not occur in the Hawthorne setback. Accordingly, the court concluded the petition was moot because the project was complete, the City found it code compliant, and the Dreyfuses relied on the permit in good faith.

---

[1] We take judicial notice of the complaint attached as exhibit 1 and the judgment attached as exhibit 7 to the Dreyfuses' request for judicial notice. (Evid. Code, § 452, subd. (d).) All other requests are denied as unnecessary to our resolution of the issues.

3

## DISCUSSION

In reviewing a writ of mandate, we review questions of law de novo and the administrative agency's findings for substantial evidence. (*Akella v. Regents of University of California* (2021) 61 Cal.App.5th 801, 814–815.) In doing so, we view the evidence in the light most favorable to the City's findings and draw all inferences in support thereof. (*Id.* at p. 814.) We cannot substitute our own findings or inferences, and we may conclude findings are not supported by substantial evidence only if no reasonable person could reach the City's conclusion on the record before it. (*Ibid.*)

McNiven argues the trial court erred in concluding the petition was moot because — in her view — the court could have referred the matter to the LPC, ordered the Dreyfuses to restore the Hawthorne façade to its original condition, or ordered the Dreyfuses to apply for an AUP. She also argues the court could have revoked the building permit and ordered CEQA review. We are unpersuaded.

We " 'decide only justiciable controversies.' " (*Parkford Owners for a Better Community v. County of Placer* (2020) 54 Cal.App.5th 714, 722.) Justiciability " ' "involves the intertwined criteria of ripeness and standing. A controversy is 'ripe' when it has reached, but has not passed, the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made." ' " (*Ibid.*) In moot cases, " ' "an actual controversy did exist but, by the passage of time or a change in circumstances, ceased to exist." ' " (*Ibid.*) " 'The pivotal question in determining if a case is moot' " is " 'whether the court can grant the plaintiff any effectual relief.' " (*Ibid.*) " 'If events have made such relief impracticable,' " the case is " 'moot.' " (*Ibid.*) " 'When events render a case moot, the court, whether trial or appellate, should generally dismiss it.' " (*Ibid.*)

4

This case is moot. (*Parkford Owners for a Better Community v. County of Placer*, *supra*, 54 Cal.App.5th at pp. 724–725 [project completion mooted CEQA and zoning challenge when builders relied on permit in good faith]; *Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1576 [project completion mooted request to rescind authorization and compel CEQA review].) In arguing to the contrary, McNiven relies on *Horwitz v. City of Los Angeles* (2004) 124 Cal.App.4th 1344. But there, the court revoked building permits because the city mistakenly allowed work in a setback. (*Id.* at pp. 1355–1356.) Here, substantial evidence supports the City's conclusion that the remodel was code compliant. A city planner, city planning manager, and supervising engineer all concluded the plans did not violate the Berkeley Municipal Code. Moreover, the City inspected the home after the Dreyfuses completed the remodel, found no violations, and concluded that the remodel complied with the plans approved by the City. For the same reasons, we also conclude substantial evidence supports the court's finding that the Dreyfuses relied on the permit in good faith.

And contrary to McNiven's claims, CEQA remedies are not available to her. (*Mission Peak Conservancy v. State Water Resources Control Bd.* (2021) 72 Cal.App.5th 873, 880 [CEQA does not apply to ministerial permits]; *League for Protection of Oakland's etc. Historic Resources v. City of Oakland* (1997) 52 Cal.App.4th 896, 906 [CEQA does not apply to local historic resources until they are " 'included' " in a local register].) Thus, the CEQA cases she cites are distinguishable. (E.g., *Vichy Springs Resort, Inc. v. City of Ukiah* (2024) 101 Cal.App.5th 46, 56; *Save Our Skyline v. Board of Permit Appeals* (1976) 60 Cal.App.3d 512, 514, 522.)

## DISPOSITION

The appeal is dismissed.  Respondents shall recover costs on appeal.
(Cal. Rules of Court, rule 8.278(a)(1) & (2).)

_____
                                            RODRÍGUEZ, J.


WE CONCUR:


_____
TUCHER, P. J.


_____
FUJISAKI, J.


A169867; *McNiven v. City of Berkeley et al.*


7